UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE FLEMING,

    Plaintiff,

v.

BRANDON SCRUGGS, *et al.*,

    Defendants.

Case No. 18-cv-11573
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 30)

**I**

This action arises out of the stop and Tasing of Plaintiff Ronnie Fleming by Defendants Brandon Scruggs and Ruben Garcia, two Oakland County Sheriff's Deputies. Fleming brings claims against Scruggs, Garcia, and Oakland County. Fleming's Complaint contains three categories of claims: (1) claims under 42 U.S.C. § 1983 against Scruggs and Garcia for violating the Fourth Amendment by stopping Fleming without reasonable suspicion and using excessive force against Fleming (by Tasing him); (2) a municipal liability claim under 42 U.S.C. § 1983 against Defendant Oakland County based upon the alleged Fourth Amendment violations by Scruggs and Garcia; and (3) state-law tort claims against all Defendants for assault and battery, false arrest and false imprisonment, malicious prosecution,

intentional infliction of emotional distress, gross negligence, and willful and wanton misconduct. (*See id.*, PageID.7–13.)

On July 26, 2019, Defendants filed a Motion for Summary Judgment (ECF No. 18).  In that motion, they argued, among other things, that Scruggs and Garcia were entitled to summary judgment on Fleming's state-law claims based upon state-law immunity and because the claims failed on the merits.  In an Opinion and Order issued on June 3, 2020, this Court denied the motion to the extent it sought summary judgment in favor of Scruggs and Garcia on the state-law claims based upon state-law immunity. (*See* Op. & Order, ECF No. 29, PageID.637–639.)  But the Court neglected to address the aspect of Defendants' motion in which Defendants argued that the state-law claims against Scruggs and Garcia failed on the merits. (*See id.*)

On June 9, 2020, Defendants filed a Motion for Reconsideration requesting that the Court consider the merits of Fleming's state-law claims. (*See* Mot. for Recons., ECF No. 30.)  The Court has now done so.  For the reasons explained below, Defendants' Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**.

## II

### A

The Court begins with Fleming's assault and battery claim based upon the Tasing.  Defendants argue that Garcia is entitled to summary judgment on that claim

because Garcia did not commit "a willful or intentional touching of Plaintiff against Plaintiff's will." (*Id.*; quotation marks omitted.)  In support of this argument, Defendants highlight that it was Scruggs – not Garcia – who deployed the Taser against Fleming.  And they insist that since Garcia did not fire the Taser, he cannot be held liable for an assault and battery based upon the Tasing.  The Court disagrees.

A defendant who intentionally and substantially supports and participates in an offensive touching may be held liable for assault and battery even if he does not personally commit the touching. *See Assault and Battery* § 98, 6 Am. Jur. 2d (recognizing that one who joins in an effort to commit an assault and battery may be held liable for the tort even if he does not personally commit the offensive touching); *see also* Restatement (Second) of Torts § 876 (1979) (recognizing an aiding and abetting theory for tort liability); *Nicholl v. Torgow*, --- N.W.2d ---, 2019 WL 5280844, at *5 (Mich. Ct. App. 2019) (applying section 876 of the Restatement to a claim for aiding and abetting a tort).[1]  Here, as explained in the Opinion and Order, a jury could reasonably find that Garcia intentionally and "actively participated in"

---

[1] *See also Fremont Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1346 (E.D. Mich. 2011) (recognizing the aiding and abetting theory of tort liability under Michigan law); *El Camino Res., LTD. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 897–915 (W.D. Mich. 2010) (conducting detailed analysis under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and concluding that the Michigan Supreme Court would recognize an aiding and abetting theory of tort liability, "which requires a showing that the alleged aider-and-abettor provided substantial assistance or encouragement to the other 'so to conduct himself'"), *aff'd*, 712 F.3d 917 (6th Cir. 2013).

3

the Tasing by "positioning the vehicle so that Scruggs could deploy his Taser on Fleming." (Op. & Order, ECF No. 29, PageID.634.)  Under these facts, a reasonable jury could find Garcia liable for the assault and battery of Fleming, and Garcia is thus not entitled to summary judgment on this claim.

Next, Scruggs is not entitled to summary judgment on the assault and battery claim for the same reasons that he was not entitled to summary judgment on the Fourth Amendment excessive force claim.  More specifically, a jury could find (on the facts most favorable to Fleming) that Scruggs deployed his Taser against Fleming without any justification.

**B**

The Court next turns to Fleming's false arrest and false imprisonment claims. Defendants argue that those claims fail because Fleming's "guilty plea in regard to his marijuana possession charge precludes Plaintiff from asserting that his arrest or being taken to jail lacked probable cause." (Mot. for Recons., ECF No. 30, PageID.645–646.)  Fleming concedes that "[g]enerally, it appears that a guilty plea precludes such claims unless there is evidence of fraud or unfair means in procuring the conviction." (Resp. to Mot. for Recons., ECF No. 31, PageID.662.)  And Fleming "leaves it to the sound discretion of this Honorable Court as to whether to grant the motion for reconsideration with respect to the state law claims for false arrest and imprisonment. . . ." (*Id.*, PageID.655.)

4

While Fleming leaves these claims to the Court's discretion, Fleming suggests that they may survive because the officers fabricated their reason to stop him. Fleming contends that Scruggs' alleged statement that "I'm just going to tell the judge [that Fleming] ran" – in response to Fleming asking Scruggs why Scruggs Tased him – "could be found by a jury to be a fabrication." (*Id.*, PageID.663.) Fleming argues that this fabrication would allow a reasonable jury to conclude that his conviction was procured by fraud. (*See id.*) If the jury made such a finding, Fleming contends, then it could find in his favor on the false arrest and false imprisonment claims notwithstanding his conviction.

The Court disagrees with Fleming. Fleming's conviction for marijuana possession was not procured through Scruggs' alleged fabrication because the alleged fabrication did not relate to whether Fleming possessed marijuana. Instead, the fabrication related only to whether the deputies had a basis for stopping and Tasing Fleming. Because the Court rejects Fleming's sole argument in support of his false arrest and false imprisonment claims, the Court will grant summary judgment in favor of the Defendants on those claims.

## C

The Court next addresses Fleming's malicious prosecution claim. Defendants argue that this claim – like Fleming's claims for false arrest and false imprisonment – is barred by Fleming's conviction for marijuana possession. (*See* Mot. for Recons.,

ECF No. 30, PageID.646.)  Fleming does not challenge that a conviction may bar a malicious prosecution claim.  Instead, Fleming again argues that his conviction does not bar his claim because it was tainted by Scruggs' alleged fabrication. (Pl.'s Resp. to Mot. for Recons., ECF No. 31, PageID.663.)  The Court rejects this argument for the same reason that it rejected it (above) in the context of Fleming's false arrest and false imprisonment claims. Defendants are entitled to summary judgment on Fleming's malicious prosecution claim.

**D**

Next up is Fleming's claim for intentional infliction of emotional distress ("IIED").  Defendants argue that this claim fails because Fleming "has not presented any evidence that either Defendant intentionally caused **emotional** distress to Plaintiff.  All that is alleged by Plaintiff is that he suffered physical injuries." (Mot. for Recons., ECF No. 30, PageID.648; emphasis in original.)  In support of this argument, Defendants cite to a case in which a Judge of this Court dismissed IIED claims based upon a physical assault where the plaintiff failed to show that the defendant intended to cause emotional injury. (*See id.*, PageID. 648–649; citing *Henderson v. Jackson*, No. 15-10807, 2016 WL 3125214, at *12 (E.D. Mich. June 3, 2016) ("The plaintiff has presented ample evidence that Jackson intended to cause *physical* injury upon Henderson, but there is no evidence that the defendant intended to inflict emotional trauma. . . .  The plaintiff has not cited a single case in which a

6

police officer's excessive force – even the use of deadly force – has been found to support an IIED claim. In fact, Michigan law suggests the contrary." (emphasis in original) (citation omitted)).) Fleming never responds directly to Defendants' argument, nor does he attempt to distinguish *Henderson*. Instead, he argues that he has a viable IIED claim because the deputies' conduct was "absolutely extreme and outrageous." (Pl.'s Resp. to Mot. for Recons., ECF No. 31, PageID.664.) But that does not explain why the flaw identified by Defendants is not fatal to his IIED claim. Because Fleming has failed to rebut Defendants' arguments concerning the deficiency of his IIED claim, the Court will grant summary judgment in favor of Defendants on that claim.

### E

Finally, the Court turns to Fleming's gross negligence claim.[2] (*See* Mot. for Recons., ECF No. 30, PageID.650–651.) The Court concludes that this claim fails for at least two reasons.

---

[2] Fleming's Complaint appears to bring a separate claim for willful and wanton misconduct. (*See* Compl., ECF No. 1, PageID.7–10.) In Fleming's filings, however, he has not discussed a claim for willful and wanton misconduct that is separate from his other state-law claims. (*See, e.g.*, Resp. to Mot. for Summ. J., ECF No. 21; Pl.'s Supp. Br., ECF No. 25; Resp. to Mot. for Recons., ECF No. 32.) Accordingly, to the extent that Fleming initially brought a claim for willful and wanton misconduct that he intended to plead as a separate claim from his gross negligence claim, the Court considers this claim waived.

First, under Michigan law, gross negligence "is not an independent cause of action." *Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011). Instead, it "is a prerequisite to avoiding that official's statutory governmental immunity" under Michigan law. *Id.* Second, and in any event, if and to the extent that gross negligence is a cause of action under Michigan law, it is not available to remedy an alleged intentional wrong such as the Tasing of Fleming. *See, e.g.*, *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. Ct. App. 2004) ("Thus, plaintiff's claim of gross negligence is fully premised on her claim of excessive force. As defendants correctly note, this Court has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence."), *abrogated on other grounds by Odom v. Wayne Cty.*, 760 N.W.2d 217 (Mich. 2008); *Rucinski v. Cty. of Oakland*, No. 13-cv-14667, 2015 WL 3874482, at *10 (E.D. Mich. June 23, 2015) ("Where, as here, a plaintiff's claim of gross negligence against an officer is 'undoubtedly premised on the intentional tort of battery,' the gross negligence claim is 'not cognizable under Michigan law.'" (quoting *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007))), *aff'd*, 655 F. App'x 338 (6th Cir. 2016). For these reasons, Defendants are entitled to summary judgment on Fleming's gross negligence claim.

## III

Accordingly, for the reasons explained above, Defendants' Motion for Reconsideration (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**. Defendants Scruggs and Garcia are not entitled to summary judgment on Fleming's state-law claim for assault and battery. Defendants are, however, entitled to summary judgment on Fleming's remaining state-law tort claims. In all other respects, the Court reaffirms its ruling in its Opinion and Order dated June 3, 2020. This case will proceed to trial on the following claims arising out of the Tasing of Fleming: (1) Fleming's claims under 42 U.S.C. § 1983 against Scruggs and Garcia for using excessive force in violation of the Fourth Amendment, and (2) Fleming's state-law claim against Scruggs and Garcia for assault and battery.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 2, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764